```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Ricardo Jones,                      :

       Plaintiff,             :

  v.                                :      Case No. 2:13-cv-32

Warden Samuel Tambi, et al.,        :      JUDGE JAMES L. GRAHAM
                                             Magistrate Judge Kemp
       Defendants.            :

## REPORT AND RECOMMENDATION

On January 30, 2013, the Court, noting that its records appeared to reflect the fact that plaintiff had accumulated three or more dismissals of prior cases under circumstances which triggered the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. §1915(g), directed plaintiff to show cause why the full $350.00 filing fee should not be assessed.  In response, plaintiff argued that four of his prior cases, Cases 1:88-cv-389, 1:88-872, 1:88-cv-589, and 1:89-cv-281, were all related and were consolidated for trial, so that they were not dismissed in a way that would count as a "strike" under 1915(g).

    The Court's records do not bear out plaintiff's claim about his prior cases.  The Magistrate Judge's Report and Recommendation in Case No. 1:88-cv-589, <u>Jones v. Couch</u>, recommended dismissal because the claim raised in that case, that a corrections officer directed plaintiff and others not to make noise on the officer's shift, did not rise to the level of a constitutional violation.  The same Report and Recommendation noted that the case was similar to, but not identical to, Case No. 1:88-cv-389; that the prior case involved a claim that corrections officers called plaintiff various names; and that that case was also dismissed for failure to state a claim because name-calling is not actionable under the Constitution.  Judge Rubin of this Court adopted the Report and Recommendation in Case No. 1:88-cv-589, so both that case and Case No. 1:88-cv-389 were

dismissed for failure to state a claim upon which relief can be granted - a triggering event for §1915(g) - and neither were consolidated with any other case or tried to a jury.

The Court's docket for Case No. 1:88-cv-872 also shows something different from what plaintiff has represented.  That case was, according to the docket, never consolidated with any other case.  It was referred to Magistrate Judge Sherman, who issued a Report and Recommendation on June 5, 1989, recommending that the defendant's motion to dismiss be granted.  The docket further shows that Judge Rubin adopted that recommendation and dismissed the case.  That would be the third "strike" under §1915(g).  Although not necessary to the Court's analysis, it appears that the fourth case to which plaintiff refers, Case No. 1:89-cv-281, was also never consolidated with any other case, never tried, and dismissed by Judge Weber on motion of the defendants, so that would be a fourth strike.

Plaintiff did file a case which went to trial.  That was Case No. 1:88-cv-973.  The Court's records show that it was tried before a jury, with Judge Spiegel presiding, on July 16 and 17, 1989, and that the jury returned a defense verdict.  There is nothing on the docket sheet in that case which shows that any other case was ever consolidated with the case for trial or other purposes.

Plaintiff did not submit any documentation with his response to the show cause order.  In the absence of any contrary evidence, this Court must conclude that its docket sheets, rather than plaintiff's unsupported statements about how the prior cases were disposed of, are correct.  That conclusion compels the Court to find that plaintiff is, indeed, subject to §1915(g) and that if he wishes this case to proceed, he must pay the full filing fee.

It is therefore recommended that the motion for leave to

proceed *in forma pauperis* (Doc. 1) be denied and that plaintiff be directed to pay the full filing fee within thirty days.  He should also be advised that if he does not do so within thirty days of any order adopting this Report and Recommendation, the fee will be assessed and this case will be dismissed for failure to prosecute.  The later payment of the fee will not result in the reopening of the case.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge